[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 47 year old plaintiff wife has brought this action against the 48 year old defendant husband seeking to dissolve their marriage which took place on July 11, 1964. The parties separated in November, 1989 when the defendant vacated the family home located at 52 Martone Street, Waterbury. It is valued at $139,900 by the plaintiff and at $130,000 by the defendant. The court adopts $134,950 as fair market value. The parcel is unencumbered.
The parties also hold title to the home of the defendant's father and uncle. The plaintiff is making no claim for an interest in this parcel, known as 62 Martone Street, Waterbury.
The plaintiff is employed by the State of Connecticut Department of Special Revenue as a cashier for the past 16 years. She was diagnosed as having multiple sclerosis 11 years ago but the disease has been in remission for the last 4 years. Her gross weekly income is $437.65 and net disposable income is $337.05. There is also a $27,000 life insurance benefit in effect covering the plaintiff's life.
The defendant has been employed by one company for 29 years. Fourteen months ago he was disabled in an auto accident and is presently receiving $286 weekly from long term disability coverage furnished by his employer. He is pursuing a negligence claim against the other operator. As of April 1, 1994, he will be eligible to retire with a pension of $674.78 monthly for his lifetime with a 50% widow's pension benefit payable after his death. There is also a permanent $10,000 life insurance minimum coverage for his lifetime.
Each party has hospital, Medical and dental insurance coverage which also provides secondary coverage to the spouse.
Based on all of the evidence before it, the court concludes that the marriage broke down when the defendant turned his attentions to another woman.
A good deal of testimony was devoted to the defendant's actions as fiduciary for the Estate of Marietta Parillo, incompetent and as the holder of a sum of cash received from his father and later returned to the father. The court is satisfied that the cash fund was being held to evade its loss to the expense of final illness in a convalescent home. cf. Appeal from Probate of Phylliss Marcus, 199 Conn. 524. CT Page 10536
Having reviewed the evidence in light of the statutory criteria, the court enters the following judgment.
1. A decree is entered dissolving the marriage of the parties on the ground of irretrievable breakdown.
2. The defendant's interest in 52 Martone Street, Waterbury and in Lots 37-38 adjacent thereto are awarded to the plaintiff and the defendant is ordered to execute a quit claim deed prepared by his attorney. If the deed is not delivered, the transfer is ordered by statute.
3. The plaintiff's interest in 62 Martone Street, Waterbury is awarded to the defendant and the plaintiff is ordered to execute a quit claim deed prepared by her attorney. If the deed is not delivered, the transfer is ordered by statute.
4. The 1986 Olds auto is awarded to plaintiff as her sole property.
5. The remaining autos and truck are awarded to defendant as his sole property.
6. Each party shall retain the I.R.A. as presently owned.
7. The plaintiff shall pay to the defendant the sum of $5,000 as his interest in the saving accounts, U.S. savings bonds and Sanitas stock. The defendant shall execute any documents necessary to carry out this order.
8. The plaintiff shall retain the contents of the marital home as her sole property except for:
 a) A sideboard that was defendant's mother's located in dining room;
b) A set of pressed back chairs located in the attic;
 c) The defendant's dresser which is one of a his/hers set;
d) The bed that their son used to use;
 e) His auto tools and the tools of his trade, manuals and related material;
f) The defendant's fishing equipment;
g) The defendant's car club trophies; CT Page 10537
h) The TV set located in the rumpus room.
9. The defendant is to retain the plaintiff on his pension so that she is entitled to receive a Qualified Pre-retirement Survivor Annuity (QPSA) and a Qualified Joint and Survivor Annunity (QJSA). The plaintiff's attorney shall prepare any Qualified Domestic Relations Order (QDRO) required by the plan administrator to comply with this order. The defendant shall also continue the plaintiff as primary beneficiary on his group life insurance policy until the plaintiff attains her 65th birthday.
10. The defendant shall pay to the plaintiff, as periodic alimony, the sum of $1 per year until the death of either party or the plaintiff's remarriage.
11. The parties shall each pay the liabilities as listed on their respective financial affidavits and hold the other party harmless.
12. Except as ordered above, the parties shall retain their pensions as their sole property respectively.
13. No allowance to prosecute or defend is awarded.
The counterclaim is dismissed as moot.
The attorney for the plaintiff is directed to prepare the judgment file.[1]
HARRIGAN, JUDGE